OPINION TO THE HOUSE OF REPRESENTATIVES.

JANUARY 5, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

January 5, 1962

To the Honorable, the House of Representatives
of the State of Rhode Island and
Providence Plantations

We have received from your honors a resolution requesting, in accordance with the provisions of section 2 of article XII of amendments to the state constitution, our written opinion upon the following question:

"Would an act of the general assembly providing that the state of Rhode Island conduct a lottery in this state be in conflict with, repugnant to, or inconsistent with section 12 of article IV of the constitution of the state of Rhode Island and Providence Plantations which provides that 'all lotteries shall hereafter be prohibited in this state, except those already authorized by the general assembly'?"

We must answer your question in the affirmative. Section 1 of article IV expressly provides that "This constitution shall be the supreme law of the state, and any law inconsistent therewith shall be void." The people of the state by adopting the constitution containing section 12 expressly prohibited thereafter *all* lotteries. The language which they used is so comprehensive as to admit of no exception. This constitutional prohibition is, therefore, unquestionably the supreme law of the state and an act of the general

assembly authorizing any lottery even one to be conducted exclusively by the state and for its own benefit would, in our opinion, be void.

It is significant that this explicit constitutional prohibition was included in article IV. The principal purpose of that article was to limit the power of the general assembly. Prior to the adoption of the constitution the legislative power of the general assembly was exercised without any limitation except such as resulted from the state's ratification of the federal constitution. The practical effect of article IV was to deprive the general assembly of the power to enact certain laws which it had formerly enacted without question. Among such laws were numerous enactments authorizing lotteries. Apparently the people had become convinced that this was a power which they no longer desired to delegate in any way to the general assembly and emphasized their desire by explicitly including it as an express prohibition among the limitations prescribed in article IV. We cannot escape the conclusion that if they had intended to make any exception to the comprehensive language which they used in section 12 they would have expressly said so. Since they did not, we must assume they meant what they clearly stated that not some lotteries but *all* lotteries shall be prohibited.

<div align="right">

Francis B. Condon
Thomas H. Roberts
Thomas J. Paolino
William E. Powers
G. Frederick Frost